UNITED STATES of America,

v.

Kevin GALLAGHER, Appellant.

No. 02–2202.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Nov. 21, 2002.

Decided Dec. 4, 2002.

Before BARRY and AMBRO, Circuit Judges and DOWD,* District Judge.

OPINION

AMBRO, Circuit Judge.

On October 16, 2001, a grand jury returned a nine-count indictment charging Appellant Kevin Gallagher with mail fraud in violation of 18 U.S.C. § 1341. On December 27, 2001, Gallagher pled guilty to count six. The Government agreed to dismiss the other counts. On April 18, 2002, the United States District Court for the Western District of Pennsylvania sentenced Gallagher to 24 months imprisonment. As part of the sentencing process, the District Court added a two-point enhancement for abuse of a position of trust under § 3B1.3 of the U.S. Sentencing Guidelines ("Sentencing Guidelines").[1] It also denied Gallagher's motion for downward departure on the ground of reduced mental capacity. Gallagher asserts on appeal that the District Court erred on both grounds. We disagree and therefore affirm the District Court.

---

* Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

1. The District Court applied the November 2000 version of the Sentencing Guidelines by agreement of the parties.

## I.

As the facts of this case are well-known to the parties, we note only a general outline. Gallagher was an independent diamond salesman who sold diamonds on commission for, among others, N. Gogolick & Sons ("Gogolick"). As part of his position, Gallagher maintained what is known as a "road line" of diamonds owned by Gogolick, which Gallagher would place on consignment with his retail and wholesale customers. To replenish his "road line," Gallagher from time to time would request that Gogolick ship him additional diamonds.

Gallagher also had an expensive gambling habit. To finance his extracurricular activities, he requested—on nine separate occasions between March 24, 1999 and August 19, 1999—that Gogolick ship loose diamonds to various jewelry retailers in western Pennsylvania. On each occasion, Gallagher retrieved the diamonds. Gogolick never received proceeds from the sale of the diamonds or their return. An unscheduled audit revealed that diamonds shipped between March 24, 1999 and August 19, 1999 were part of missing inventory.

## II. Abuse of a position of trust

The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), which allows a defendant to appeal a sentence imposed in violation of law or as a result of an incorrect application of the Sentencing Guidelines.

Gallagher argues that his position was akin to that of an ordinary bank teller or clerk, whom application note 1 to § 3B1.3 of the Sentencing Guidelines deems not to occupy a position of trust. He argues that he was not given substantial discretion, as he was subjected to regular and surprise audits that made it "absolutely inevitable" that his crime would be discovered.

■ At the outset, we reject the Government's argument that, because Gallagher failed to object to the § 3B1.3 enhancement at his sentencing hearing, he forfeited his objection and therefore it is reviewable only for plain error. *See, e.g., P.E.D.F. v. Canon–McMillan Sch. Dist.,* 152 F.3d 228, 234 (3d Cir.1998). Gallagher's objection to the presentence report was sufficient to preserve the issue for appeal. *United States v. Warren,* 186 F.3d 358, 363 (3d Cir.1999).

■ Cases challenging § 3B1.3 enhancements require us to address three questions. *United States v. McMillen,* 917 F.2d 773, 774 (3d Cir.1990). The first is the scope of Gallagher's authority, which is a factual determination reviewable only for clear error. *Id.* The record amply supports the District Court's finding that Gallagher worked independently and possessed significant authority to request diamonds from Gogolick.

Second, we must consider whether the authority Gallagher possessed "was such that he served in a 'position of trust.'" *Id.* at 775. This interpretation of a guideline term "approaches a purely legal determination," reviewable *de novo. Id.* (citing *United States v. Daughtrey,* 874 F.2d 213, 217 (4th Cir.1989)). We examine three factors when considering whether a defendant occupies a position of trust: "(1) whether the position allows the defendant to commit a difficult-to-detect wrong; (2) the degree of authority which the position vests in the defendant vis-a-vis the object of the wrongful act; and (3) whether there has been reliance on the integrity of the person occupying the position." *United States v. Pardo,* 25 F.3d 1187, 1192 (3d Cir.1994); *see also United States v. Craddock,* 993 F.2d 338, 342 (3d Cir.1993) (an

employee occupies a position of trust "when, by virtue of the authority conferred by the employer and the lack of controls imposed on that authority, he is able to commit an offense that is not readily discoverable"). That Gallagher possessed substantial discretion to deal with diamonds on Gogolick's behalf and that Gogolick relied on Gallagher's integrity in shipping diamonds at Gallagher's request indicate that Gallagher occupied a position of trust. This authority provided Gallagher with the "wherewithal to commit the wrongful act." *Pardo*, 25 F.3d at 1192. Whether Gogolick regularly audited Gallagher does not alter our conclusion. To hold that § 3B1.3 does not apply when an employer has established an effective oversight mechanism would effectively preclude application of § 3B1.3 in many, if not most, cases.

Third, we review for clear error whether the District Court correctly found that Gallagher "abused his position in a way that substantially facilitated the commission or concealment of the crime...." *McMillen*, 917 F.2d at 775. The District Court correctly found that Gallagher's substantial discretion enabled him to request shipments of diamonds to him at his customers' retail locations on nine separate occasions.

### III. Refusal to depart downward from the Sentencing Guidelines

Gallagher has conceded, as he must, that we lack jurisdiction to review the District Court's refusal to depart from the Sentencing Guidelines because the District Court recognized its power to depart but refused to exercise that power. *See United States v. Denardi*, 892 F.2d 269, 271–72 (3d Cir.1989); *see also United States v. Marin–Castaneda*, 134 F.3d 551, 554 (3d Cir.1998). Absent *en banc* review (which we are not about to suggest), *Denardi*

stands, and thus we shall not address his downward departure claim.

\*   \*   \*   \*   \*   \*

For the foregoing reasons, we affirm the District Court's sentencing enhancement of Gallagher, and have no jurisdiction to review the District Court's refusal to depart from the Sentencing Guidelines.